Argued and submitted June 24, 1980,
remanded to Court of Appeals January 20, 1981

In the Matter of the Compensation
of Thomas Mitchell, Claimant.

## MITCHELL,
*Respondent,*
*v.*
## STATE ACCIDENT INSURANCE FUND,
*Petitioner.*

(WCB 78-2298, CA 13356, SC 26914)

624 P2d 571

Darrell E. Bewley, Associate Counsel, Salem, argued the cause for petitioner. With him on the briefs were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, Salem.

Jerome F. Bischoff, Eugene, filed the brief for respondent.

Ridgway K. Foley, of Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, filed the brief amicus curiae on behalf of The Oregon Self-Insurer's Association.

Steven C. Yates, Evohl F. Malagon, and Malagon & Yates, Eugene, filed the brief amicus curiae on behalf of the Oregon Trial Lawyers Association.

Before Denecke, Chief Justice, and Howell,** Lent, Linde, Peterson and Tanzer, Justices.

DENECKE, C. J.

**Howell, J., retired November 30, 1980.

## DENECKE, C. J.

This is another of the cases in which a claim for Workers' Compensation benefits is made for disability caused by mental illness allegedly arising out of claimant's employment. 44 Or App 656, 606P2d 697 (1980).

Plaintiff is a 45-year-old male employed as a probation officer by the State Corrections Division. He had been released from prison in 1964 and worked at various jobs until April 1976 when he commenced working with the Division of Corrections. On July 1, 1976, he left this job in Salem to become a probation officer in Portland. Because of blackouts he had to leave his job on January 31, 1978, and at the time of the hearing he was not back at work.

There is medical evidence that his blackouts were caused by anxiety. He has suffered from anxiety in the past. The evidence also is that his anxiety was caused by family and financial problems as well as incidents on the job. These job incidents were that his co-workers referred to persons on parole or probation as "flakes" or "turkeys" and this made plaintiff very angry; his co-workers made remarks about claimant's prison time; and he became upset when he was recognized by any of the parolees or probationers.

The referee found claimant's disability was compensable. The Workers' Compensation Board found to the contrary. Neither made any finding whether claimant's condition was caused by circumstances "to which an employe is not ordinarily subjected or exposed other than during a period of regular actual employment." The Court of Appeals reversed in a Per Curiam opinion, citing *James v. SAIF,* 44 Or App 520, 605 P2d 1391 (1980).

We remand for the Court of Appeals to proceed in accordance with our opinion in *James v. SAIF,* 290 Or 343, 624 P2d 565 (1980).